IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CRYSTAL HENLEY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>KANSAS CITY BOARD OF )<br>POLICE COMMISSIONERS, et al., )<br>)<br>Defendants. ) | Case No. 10-1009-CV-W-GAF |

### ORDER

Now before the Court is Defendant, Chief of Police, James Corwin's ("Defendant") Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. # 31), requesting the Court dismiss Plaintiff Crystal Henley's ("Plaintiff") Second Amended Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See* Doc. # 19). Specifically, Defendant argues because the Court dismissed Plaintiff's allegations of gender discrimination against Defendants Bill Brown ("Brown"), Michael Throckmorton ("Throckmorton"), and Dwight Parker ("Parker") for failure to state a claim, Plaintiff cannot sustain a 42 U.S.C. § 1983 claim against Defendant for failure to supervise, control, and discipline said defendants. (Doc. # 31). Defendant argues regardless of Defendant's supervision or training methods of Defendants Brown, Throckmorton, and Parker, without an underlying constitutional violation, a failure to supervise or train claim fails as a matter of law. (*Id.*). Plaintiff's suggestions in opposition were due on or before June 13, 2011. To date, Plaintiff has failed to respond.

In the Court's April 29, 2011, Order (Doc. # 27), the Court dismissed Plaintiff's claims against Defendants Kansas City Board of Police Commissioners, Patrick McInerney, Alvin Brooks,

1

Lisa Pelofsky, Angela Wasson-Hunt, and Mayor Mark Funkhouser, and Defendants Brown, Throckmorton, and Parker for failure to state a claim upon which relief can be granted because Plaintiff failed to exhaust administrative remedies as prescribed in Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*. (*See* Doc. # 27). For the same reasons as set forth in the Court's April 29, 2011, Order, Plaintiff's claim against Defendant fails to state a claim upon which relief can be granted. (*See id.*). Additionally, absent an underlying constitutional violation by Defendants Brown, Throckmorton, and/or Parker, Plaintiff's claim of failure to supervise, control, and discipline said defendants fails as a matter of law. *See Schulz v. Long*, 44 F.3d 643, 650 (8th Cir. 1995). Accordingly, it is

**ORDERED** Defendant's Motion is GRANTED.

**IT IS FURTHER ORDERED** Plaintiff's claim against Defendant is DISMISSED for failure to state a claim upon which relief can be granted.

s/ Gary A. Fenner  
Gary A. Fenner, Judge  
United States District Court

DATED: July 6, 2011